UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>ENSITE USA, INC.,<br><br>Defendant. | No:<br><br>CLASS ACTION COMPLAINT |

Richard Johnson ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover untimely wage compensation, unpaid overtime and other damages for Plaintiff and other similar Inspectors[1] who work or have worked for EnSite USA, Inc. ("EnSite" or "Defendants") in New York State.

2. Headquartered in Houston, Texas, EnSite is one of the country's "leading" full-service pipeline management companies, providing services to companies in the oil and energy industry across the United States.[2]

3. As part of EnSite's services, oil and energy companies' contract with EnSite to assign Inspectors to the contracting companies' ongoing construction projects.[3]

---

[1] A list of subsets of Inspectors employed by EnSite is provided on their website. *See* EnSiteUSA, *Inspection*, 2021, *available at*, https://www.ensiteusa.com/services/independent-services/inspection/
[2] EnSiteUSA, *About, available at* https://www.linkedin.com/company/ensiteusa/.
[3] EnSiteUSA, *Inspection Services*, 2021, *available at* https://www.ensiteusa.com/services/independent-services/inspection/

1

4. Inspectors are manual workers who spend more than 25% of their time: (1) standing; (2) walking; (3) carrying equipment; (4) loading and unloading equipment; (5) climbing; (6) operating testing equipment/machinery; and (7) conducting tests.

5. The work performed by Inspectors primarily takes place outdoors, on sites under construction, with highly dangerous conditions. Pictures of worksites posted on EnSite's website[4] demonstrate the environment and manual nature of Inspectors' work:





6. At all relevant times, EnSite has compensated Plaintiff and all other Inspectors on a twice per month basis (the 15th and the last day of each month).

---

[4] EnSiteUSA, *Inspection & EnSpect*, 2021, *available at* https://www.ensiteusa.com/projects/inspection-enspect/; *see also* EnSiteUSA, *Pipeline and M&R*, 2021, available at https://www.ensiteusa.com/projects/pipeline-and-mr/

7. Despite being manual workers, EnSite failed to pay Plaintiff and other Inspectors timely, as their wages were not paid within seven calendar days after the end of the week in which such wages were earned.

8. In addition to EnSite's failure to pay Inspectors timely, EnSite failed to compensate Inspectors with overtime pay. Regardless of EnSite's customer, EnSite compensated Inspectors in New York with a set day-rate. Inspectors regularly worked in excess of 40 hours each workweek. Despite this, EnSite did not pay Inspectors overtime compensation for these hours.

9. EnSite failed to keep accurate records of the hours worked by Inspectors. In an effort to keep costs down for their customers, EnSite required Inspectors to report their *scheduled* start and end times rather than the actual hours they work each day. Despite regularly working more than their scheduled shift, Inspectors were not always permitted to record this time.

10. Plaintiff brings this action on behalf of himself and all other similar Inspectors in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law ("NYLL").

11. Plaintiff brings this action individually pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") to remedy violations of the wage-and-hour provisions of the FLSA by Defendant that have deprived Plaintiff of his lawfully earned wages.

## THE PARTIES

**Plaintiff**

**Richard Johnson**

12. Richard Johnson ("Johnson") is an adult individual who is a resident of Florida.

13. Johnson was employed by EnSite as a Welding Inspector from in or around January 2017 through December 2019. Between in or around March 2018 and June or July 2018, Johnson

3

worked for EnSite in Yorktown, New York.

14. Johnson is a covered employee within the meaning of the FLSA and NYLL.

**Defendant**

    **EnSite USA, Inc.**

15. EnSite USA, Inc. ("EnSite") is a foreign business corporation organized and existing under the laws of Texas.

16. EnSite's principal executive office is located at 3100 S. Gessner Ste. 400, Houston, Texas 77063.

17. At all times relevant, EnSite has been a covered employer within the meaning of the FLSA and NYLL.

18. At all times relevant, EnSite has employed Plaintiff and similar Inspectors.

19. EnSite paid all its Inspectors in New York a day rate.

20. EnSite did not pay its Inspectors in New York overtime pay.

21. EnSite paid Plaintiff a day rate and did not pay him overtime pay.

22. EnSite has maintained control, oversight, and direction over Plaintiff and other Inspectors, including timekeeping, payroll, and other employment practices that applied to them.

23. EnSite applies the same employment policies, practices, and procedures to all Inspectors in its operation, including policies, practices, and procedures with respect to payment of wages.

24. During all times relevant, EnSite has had an annual gross volume of sales in excess of $500,000.

## JURISDICTION AND VENUE

25. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and

1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

26. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

27. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005, codified at 28 U.S.C. § 1332(d), because: (1) the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (2) Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

28. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), because: (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (2) Plaintiff and Defendant are citizens of different states.

29. Defendant is subject to personal jurisdiction in New York.

30. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

31. Plaintiff brings the Second, Third, Fourth and Fifth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as Inspectors for EnSite USA Inc. in New York May 17, 2015 and the date of final judgment in this matter (the "New York Class").

32. The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

5

33. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

34. Plaintiff and the New York Class have all been injured in that they have been compensated in an untimely manner due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

35. Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

36. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiff and classes in wage and hour cases.

37. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

38. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

> (a) whether Defendant compensated Plaintiff and the New York Class on a timely basis;

(b) whether Defendant correctly compensated Plaintiff and the New York Class for hours worked in excess of 40 hours per workweek;

(c) whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the New York Class, and other records required by the NYLL;

(d) whether Defendant failed to furnish Plaintiff and the New York Class with proper wage notices, as required by the NYLL; and

(e) whether Defendant failed to furnish Plaintiff and the New York Class with an accurate statement of wages, as required by the NYLL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

39. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Richard Johnson**

40. Johnson was employed by EnSite as a Welding Inspector from in or around January 2017 through December 2019.

41. From in or around March 2018 through June or July 2018, Johnson worked for EnSite on a gas-pipeline project in Yorktown, New York carried out by Enbridge, Inc.

42. As an Inspector, Johnson performed ordinary inspection work, *i.e.*, Johnson performed routine inspection tests, using pre-determined guidelines and standards with little discretion in the performance of his work.

43. In that regard, some of the "primary functions" of a Welding Inspector identified by EnSite include:[5]

- Adheres to and enforces EnSiteUSA and Client Company safety policies.

---

[5] EnSiteUSA, *Welding Inspector – Accepting Resumes Only*, available at https://ensiteusa.bamboohr.com/jobs/view.php?id=12&source=bamboohr

- Becomes thoroughly familiar with the Client Company's contract specifications and enforces them.

- Enforces Client Company welding procedures, qualifications, and specifications.

- Inspects welding technique and equipment.

- Ensures that all rejected welds are repaired or replaced in accordance with Client's specifications.

44. During his employment, over twenty-five percent of Johnson's duties were physical tasks, including but not limited to: (1) standing; (2) walking; (3) carrying equipment; (4) loading and unloading equipment; (5) climbing; (6) operating testing equipment/machinery; and (7) conducting tests.

45. Johnson was compensated by EnSite twice per month.

46. EnSite failed to pay Johnson his wages in the timely manner required by NYLL § 191(1)(a).

47. During his employment, Johnson worked "hitches" for EnSite which consisted of anywhere from 10 to 14 (or more) days straight, with time off in-between hitches. Johnson was scheduled to work anywhere from 10 to 16 hours a day. Despite often working 30 minutes to 1 hour beyond his scheduled shift, Johnson was not always permitted to record this additional time.

48. Throughout his employment, EnSite paid Johnson a set day rate regardless of the number of hours he worked in a week.

49. The amount of day rate Johnson received was set by EnSite and varied based on project EnSite assigned to Johnson. While employed in New York, EnSite paid Johnson a day rate of approximately $349.00 per day.

50. EnSite did not pay Johnson overtime pay for hours worked beyond 40 in a workweek.

51. Johnson received wage statements from Defendant which did not include Johnson's regular rate, overtime rate, and the hours Johnson worked.

52. Johnson did not receive a wage notice that provided him with his regular rate or overtime rate.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff Individually)**

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff.

55. Plaintiff worked in excess of 40 hours during some workweeks in the relevant period.

56. Defendant willfully failed to pay Plaintiff one-and-one-half times the full minimum wage for all work in excess of 40 hours per workweek.

57. Defendant's unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendant was aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

58. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

59. As a result of Defendant's violations of the FLSA, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## SECOND CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
**(Brought on behalf of Plaintiff and the New York Class)**

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

62. Defendant failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a).

63. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## THIRD CAUSE OF ACTION
### New York Labor Law – Overtime Wages
**(Brought on behalf of Plaintiff and the New York Class)**

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

66. Defendant failed to pay Plaintiff and the New York Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked beyond 40 per workweek.

67. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages as provided

for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiff and the New York Class)

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendant failed to supply Plaintiff and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per week, including overtime hours worked if applicable; deductions; and net wages.

70. Due to Defendant's violations of NYLL § 195(3), Plaintiff and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Wage Notices
### (Brought on behalf of Plaintiff and the New York Class)

71. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendant failed to supply Plaintiff and the New York Class with a proper time of

hire annual wage notice, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

73. Due to Defendant's violations of NYLL, Article 6, § 195(1), Plaintiff and the New York Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide them with wage notices, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

C. Unpaid overtime wages pursuant to the FLSA and NYLL and the supporting regulations;

D. Liquidated damages permitted by law pursuant to the FLSA and NYLL;

E. Statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide Plaintiff and the NY Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article § 198;

F. Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the NY Rule 23 Class with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

G. Prejudgment and post-judgment interest;

H. Reasonable attorneys' fees and costs of the action; and

I. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
        May 17, 2021

                                 Respectfully submitted,

                                 /s/ Frank J. Mazzaferro
                                 Frank J. Mazzaferro

                                 **FITAPELLI & SCHAFFER, LLP**
                                 Joseph A. Fitapelli
                                 Frank J. Mazzaferro
                                 28 Liberty Street, 30th Floor
                                 New York, NY 10005
                                 Telephone: (212) 300-0375

                                 **BRUCKNER BURCH PLLC**
                                 Richard J. (Rex) Burch
                                 11 Greenway Plaza #3025
                                 Houston, Texas 77046
                                 Telephone: (713) 877-8788

                                 *Attorneys for Plaintiff and*
                                 *the Putative Class*

Case 7:21-cv-04437-PMH    Document 1    Filed 05/17/21    Page 14 of 14

14