**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **RICHARD JOHNSON, individually and on behalf of all others similarly situated,** | § § § | |
| ***Plaintiff,*** | § § | |
| **v.** | § § | **Case No.: 7:21-cv-04437 (PMH)(JCM)** |
| **ENSITE USA, INC.,** | § § § | |
| ***Defendant.*** | § § § | |

**DEFENDANT ENSITE'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, <u>DISMISS OR TRANSFER</u>**

Defendant EnSite USA, Inc. ("EnSite" or the "Company") files this Reply to Plaintiff's Response in Opposition to EnSite's Motion to Compel Arbitration or, in the Alternative, Dismiss or Transfer and respectfully shows the Court as follows:

**I. INTRODUCTION**

1. Plaintiff's Response in Opposition to EnSite's Motion to Compel Arbitration or, in the Alternative, Dismiss or Transfer ("Response"), omits material details contained in the Arbitration Agreement and Class Collective Action Waiver agreements ("Agreements") that cut directly against his arguments. Plaintiff failed to identify that this lawsuit is the first arbitrable claim under the Agreements considering that both Agreements Plaintiff signed expressly stated that they did not prohibit him from joining, opting into, and/or participating as a party, claimant, or class member in any lawsuits that were filed or that were pending against the Company as of the date he executed the Agreements. In other words, EnSite could not compel arbitration of Johnson's claims in Doyle because those claims were already pending, even if Johnson had not yet opted in. Additionally, Plaintiff's attempt to piggyback on the discovery and motion practice

that occurred in the Doyle case cannot stand. Plaintiff never responded to any of EnSite's discovery requests and there were no depositions. Moreover, EnSite's Motion for Partial Summary Judgment only included Doyle's FLSA claims, not those of any of the opt-ins. Plainly, other than filing the consent form in Doyle and then voluntarily withdrawing his consent to file this case Plaintiff did not participate in the Doyle lawsuit. In short, Plaintiff's agreement to arbitrate with EnSite on an individual basis is valid, this is the first arbitrable claim under the Agreements, and EnSite respectfully requests that the Court compel him to arbitrate his claims on an individual basis.

## II.  ARGUMENTS AND AUTHORITIES

**A.      Substantial time has not elapsed.**

2.      Plaintiff argues that substantial time (twenty-three months) has elapsed since he opted into Doyle. (Dkt. No. 15 at p. 11).  However, Plaintiff ignores the language quoted in EnSite's Memorandum of Law in Support of its Motion to Compel Arbitration (Dkt. No. 11 "Memorandum") expressly indicating that the Agreements do not "prohibit or prevent [Plaintiff] from joining, opting into and/or participating as a party, claimant and/or class member in ***any lawsuits involving Covered Claims that have already been filed and are pending against the Company . . . as of the date [Plaintiff] signs [the] Agreement*.*" (Dkt. No. 11 at p. 8)(emphasis added). Plaintiff filed this case on May 17, 2021, after he voluntarily withdrew his consent from Doyle. (Dkt. No. 1). Plaintiff filed an amended complaint on May 26, 2021 and forwarded it to EnSite's counsel in Doyle to request that EnSite waive service. (Dkt. No. 3). EnSite agreed to waive service and filed its Motion to Compel and Memorandum sixty days later on July 26, 2021, as its first responsive pleading. Accordingly, because this lawsuit is the first arbitrable claim under the Agreements, the relevant time to consider in assessing Plaintiff's waiver argument is sixty days, not twenty-three months. Filing a motion to compel arbitration sixty days after agreeing to waive service in a lawsuit that represents the first arbitrable claim between the parties is hardly a

substantial elapse of time. *See Chen-Oster v Goldman, Sachs & Co.*, 449 F Supp 3d 216, 233 (SDNY 2020)(moving to compel arbitration nearly 10 years after a case began did not constitute waiver because the defendant raised the arbitration issue at the earliest practical time). EnSite raised arbitration at the earliest practicable time in this case because this lawsuit is the first arbitrable claim between EnSite and Plaintiff.

**B.      Substantial litigation has not occurred.**

3.      Plaintiff also relies on litigation in Doyle that occurred before he opted in to support his waiver argument. (Dkt. No. 15 at pp. 11-12). For example, Plaintiff tries to convince the Court that pre-filing negotiations and discovery and the road to conditional certification in Doyle constitute waiver. However, all of that occurred months before Plaintiff opted into Doyle. Moreover, Plaintiff never once responded to EnSite's production requests or interrogatories in Doyle. Likewise, Plaintiff never attended a deposition in Doyle. In fact, the basis for the discovery dispute Plaintiff references is the fact that Plaintiff's counsel in Doyle refused to respond to EnSite's discovery for each opt-in and, instead, tried to limit EnSite to representative discovery of the relatively mediocre Doyle class.

4.      Plaintiff's cited authorities are inapposite. Indeed, none of the authorities Plaintiff cites in support of his argument that substantial litigation occurred contain any facts similar to this case. Specifically, Plaintiff's cited authorities considered waiver when parties delayed invoking an arbitration agreement in a prior matter (or at the beginning of the matter) even though they had a right to do so. As explained in detail above, EnSite simply did not have a right to invoke the Agreements in Doyle as expressly provided in the Agreements. The only case Plaintiff cited that is mildly similar to the instant case is *Renteria-Comacho v. DirecTV, Inc*. *See* 175 F. Supp. 3d 1308, 1312 (D. Kan. 2016). However, the crux of the court's waiver decision in *Renteria-Comacho* revolved around the fact that the plaintiff opted into a prior FLSA collective action against

DirecTV and had an arbitration agreement that was enforceable in that case that DirecTV never attempted to enforce. *Id.* That is not the case here. Moreover, the plaintiff in *Renteria-Comacho* participated in discovery in the first filed FLSA case, responded to motions for summary judgment, and opted into a second filed FLSA case against the same defendant, who still did not attempt to enforce the arbitration agreement. *Id.* Additionally, after the defendant successfully severed the plaintiff's claim in the second-filed FLSA case, it filed a motion to dismiss in the third claim and did not move to compel arbitration until the court denied the motion to dismiss. *Id.* None of that happened here.

5.      There was no substantial litigation between Plaintiff and EnSite and, therefore, this factor does not support Plaintiff's waiver argument.

**C.      Plaintiff will not suffer any prejudice.**

6.      The sole basis for Plaintiff's argument that he will suffer prejudice if compelled to arbitrate is, like his other arguments, that the parties litigated Doyle for twenty-three months and exerted substantial time and effort. (Dkt. No. 15 at pp. 13-14). This argument fails for the same reasons stated above – EnSite did not compel arbitration of Johnson's claims as an opt-in in Doyle because the Agreements expressly prohibited it. Moreover, the notion that Plaintiff exerted substantial time and effort in Doyle is fanciful at best. Plaintiff did nothing more in Doyle than file a consent to opt-in and then voluntarily withdraw his consent in the face of decertification to seek a new forum in this lawsuit.

**D.      The Agreements are enforceable.**

7.      Plaintiff is wrong to suggest that EnSite engaged in improper communications with putative plaintiffs in Doyle to roll out the arbitration agreements. That EnSite began using arbitration agreements with employees that started a new assignment with one of EnSite's customers does not even slightly support Plaintiff's blanket assertion that EnSite engaged in

46537745.2

improper communications with putative opt-ins in Doyle. To the contrary, EnSite does not even have arbitration agreements with putative opt-ins from Doyle who never performed work for EnSite after it decided to start using arbitration agreements.

8.     The basis for the decisions in the authorities on which Plaintiff relies in attempting to invalidate the Agreements focuses on the fact that the defendants attempted to have putative class members sign arbitration agreements that would prevent them from participating in *prior* filed collective action lawsuits. *See Oconner v Agilant Solutions, Inc.*, 444 F Supp 3d 593, 603 (SDNY 2020) (The agreements "did not disclose that by signing the Arbitration Agreements, putative plaintiffs would lose their right to participate in this lawsuit." Therefore the court declined to enforce them in that case.); *In re Currency Conversion Fee Antitrust Litig.*, 361 F Supp 2d 237, 253 (SDNY 2005)(a defendants communications with a putative class member were improper when the purpose of the communication was to alter the putative class members status in pending litigation); *Billingsley v Citi Trends, Inc.*, 560 F App'x 914, 922 (11th Cir 2014)(invalidating pre-certification arbitration agreements that would directly affect putative class members right to participate in the pending lawsuit).

9.     Plaintiff conveniently ignores the fact that the Agreements state, in unequivocal terms, that they do not prohibit or otherwise affect an employee's right to participate in a lawsuit or any other action concerning covered claims pending when the agreements were executed. (Dkt. Nos. 11-1 at ¶ 4 and 11-2 at ¶ 4). Thus, the Agreements in this case are demonstrably dissimilar from Plaintiff's authorities because they specifically state that they do not affect the employee's rights to participate in a pending case (Doyle). *Id.* Moreover, EnSite did not attempt to procure arbitration agreements that would confuse, mislead, coerce, or otherwise thwart an employee's attempt to participate in pending litigation. *Id.* Therefore, Plaintiff's cursory attempt to invalidate

46537745.2

the Agreements by concocting alleged improper communications is not supported by the plain language of the Agreements.

10.     Plaintiff's waiver argument and attempt to invalidate the Agreements fails. EnSite respectfully requests that the Court compel Plaintiff to abide by the terms of his Agreements with EnSite.

**E.     Plaintiff will not be able to establish numerosity under Rule 23.**

11.     The point of EnSite's alternative argument regarding the Rule 23 Class claims is simple. Its records, the vast majority of which Plaintiff's counsel has had since before they filed the Doyle case, show that EnSite only employed eleven individuals in New York. Plaintiff's attempt to invalidate this fact, by insinuating that Ms. Braswell's declaration, signed under penalty of perjury, is somehow inaccurate or suddenly attacking the authenticity of documents EnSite produced is simply a red-herring. Moreover, even if EnSite employed non-inspectors in New York, as Plaintiff suggests (which it did not), the result would not change here because Plaintiff was an inspector and, thus, would not be an adequate representative for any alleged non-inspector New York employees. Discovery in this matter will reveal, just as it did prior to filing Doyle three years ago, that there are only eleven individuals who performed work for EnSite in New York. As EnSite stated in its Memorandum, eleven is woefully insufficient as it relates to Plaintiff's ability to establish numerosity in this case. (Dkt. No. 11 at pp. 17-19).

**F.     Transfer to the Southern District of Texas, in the alternative, is appropriate.**

12.     Plaintiff's belief that the Doyle case is effectively "over," while interesting, is inaccurate. For one, although the Doyle court granted decertification, it has not issued any orders related to the opt-ins' dismissal from that case. Similarly, the court in Texas ordered Doyle to Show Cause as to the court's jurisdiction over his state law claims now that it granted EnSite's summary judgment on his FLSA claim finding that Doyle failed to prove that EnSite acted

46537745.2

willfully. In other words, the case is still pending regardless of whether Plaintiff's counsel intends to pursue any further remedies for Doyle in their first-filed case.

13. Plaintiff's arguments that EnSite's basis for transfer is inconsistent with its prior position in Doyle lacks merit. It is true, as EnSite argued in Doyle, that inspectors' responsibilities varied based on the type of inspector work EnSite hired them to perform. Indeed, it is likely (as EnSite previously argued), that even inspectors with the same title (*e.g.*, Safety Inspectors) had varying duties and responsibilities depending on the client for which they worked. Even if it is true that some non-party discovery would eventually occur in this case, Plaintiff does not provide any evidence that the hypothetical non-party witnesses are in New York. Indeed, it is just as likely that the hypothetical non-party witnesses are in the Southern District of Texas. Moreover, Plaintiff's consent to proceed in the Doyle case is sufficient evidence that he believed that was a suitable forum before he withdrew his consent to come to New York. In other words, if the Southern District of Texas was an appropriate forum for Plaintiff as a Doyle opt-in, it is worth questioning why it is all of the sudden so inconvenient in this case.

14. As EnSite argued in its Memorandum, the Doyle case is ongoing, despite Plaintiff's attempt to retreat from it and, as such, the first-filed rule applies. Alternatively, factors one, two, five, and six weigh in favor of transfer for convenience of witnesses and the parties and the location of undigitized documents, among other things. Similarly, factors three, seven and nine weigh in favor of transfer because the Southern District of Texas Court is clearly familiar with the basic facts of this case and well-equipped to adjudicate claims based on another state's labor laws, which courts in this district have indicated are not overly complex. Lastly, Plaintiff's voluntary exit from Doyle to file a substantially similar case in the face of decertification is a sufficient basis to subtract from any weight afforded to Plaintiff's chosen forum. In the event the Court does not grant

46537745.2

EnSite's Motion to Compel arbitration, the Southern District of Texas is the more appropriate forum for this lawsuit and transfer under 28 U.S.C. § 1404(a) is warranted.

### III. CONCLUSION

15.     Plaintiff's waiver arguments and attempt to invalidate the Arbitration Agreements fail. Accordingly, EnSite respectfully requests that the Court grant its Motion to Compel Arbitration and dismiss Plaintiff's case in its entirety or stay this case pending the outcome of arbitration. Alternatively, EnSite requests that the Court dismiss Plaintiff's case under the first-filed rule or, for the convenience of the witnesses, parties, and in the interests of justice, transfer this matter to the United States District Court for the Southern District of Texas, Houston Division.


Dated: September 13, 2021.

46537745.2

Respectfully submitted,

EVERSHEDS SUTHERLAND (US) LLP

By: */s/ Jocelyn Weinstein*
    Jocelyn Weinstein (NY4690699)
    1114 Avenue of the Americas
    The Grace Building, 40th Floor
    New York, New York 10036
    (212) 389-5000 – Telephone
    (212) 389-5099 – Facsimile
    jocelynweinstein@eversheds-sutherland.com

    Scott R. McLaughlin *(pro hac application forthcoming)*
    Texas State Bar No.: 00791234
    Marlene C. Williams *(pro hac application forthcoming)*
    Texas State Bar No.: 24001872
    John T. Hays *(pro hac application forthcoming)*
    Texas State Bar No.: 24101885
    1001 Fannin, Suite 3700
    Houston, Texas 77002
    (713) 470-6100 - Telephone
    (713) 654-1301 – Facsimile
    scottmclaughlin@eversheds-sutherland.com
    marlenewilliams@eversheds-sutherland.com
    johnhays@eversheds-sutherland.com

    Don Fogel *(pro hac application forthcoming)*
    Texas State Bar No.: 07201900
    FOGEL & MCEVILY, LLP
    514 Hunters Park Lane
    Houston, TX 77024
    (713) 965-4171
    (713) 904-2547 – Facsimile
    don@mcfogellaw.com

**ATTORNEYS FOR DEFENDANT ENSITE USA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2021, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will provide notification of this filing to all known attorneys of record.

                                                  */s/ Jocelyn Weinstein*
                                                  Jocelyn Weinstein

46537745.2